FILED by MM D.C.
ELECTRONIC
Sept. 8, 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OWEN HARTY, Individually,

Plaintiffs,

v.

Case No. 09-CV-61412-Lenard/Turnoff

SRA /PALM TRAILS PLAZA, LLC, A Foreign Limited Liability Company,

Defendant.

______________________________________/

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, OWEN HARTY, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SRA /PALM TRAILS PLAZA, LLC, A Foreign Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and Florida Accessability Code ("FAC").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is bound to ambulate in a wheelchair.

2. Defendant's property, PALM TRAILS PLAZA, 1101 South Military Trail, Deerfield Beach, FL 33442 , is located in the County of Broward.

3. Venue is properly located in the SOUTHERN DISTRICT OF FLORIDA because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA and FAC compliant. The Plaintiff has encountered architectural barriers at the subject property which discriminate against him on the basis of his disability and have endangered his safety. These barriers also prevent Plaintiff from returning to the property to enjoy the goods and services available to the public.

6. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA and FAC .

7. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as PALM TRAILS PLAZA, 1101 South Military Trail Deerfield Beach, FL 33442 .

8. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA and FAC with respect to this property as described but not necessarily limited to the allegations in paragraph 10 of this Complaint.

Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit PALM TRAILS PLAZA not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA and FAC so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

9. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

10. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA and FAC by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of PALM TRAILS PLAZA has shown that violations exist. These violations include, but are not limited to:

**Accessible Routes**

**A.** At least one accessible route is not provided within the boundary of the site from public transportation stops, accessible parking spaces, and public streets or sidewalks, to an accessible building entrance. [ADA Stds. 4.1.2(1); 4.3.2(1)]

**B.** Curb ramps, complying with ADA Standard 4.7, are not provided wherever an accessible route crosses a curb. [ADA Stds. 4.3.8; 4.5.2; 4.7.1]

**Accessible Public Restrooms**

**A.** Each accessible restroom door does not comply with ADA Standard 4.13. [ADA Stds. 4.1.3(7); 4.3.9; 4.13; 4.22.1; 4.22.2]

**B.** An accessible route to enter/exit is not provided to each accessible restroom. [ADA Stds. 4.1.3(1); 4.3.2(3); 4.22.1]

**C.** There are dispensers which are mounted where they do not allow for the required clear floor space and/or the highest operable parts of controls, and other operable equipment, are not placed within at least one of the reach ranges specified in ADA Standards 4.2.5 and 4.2.6. [ADA Stds. 4.1.3(13); 4.2.4; 4.2.5; 4.2.6; 4.22.3; 4.22.7; 4.27.2; 4.27.3]

**D.** Each accessible toilet does not comply with ADA Standard 4.16. [ADA Stds. 4.1.3(11); 4.22.4; 4.16]

**E.** Each accessible lavatory does not comply with ADA Standard 4.19. [ADA Stds. 4.1.3(11); 4.22.6; 4.19]

**Access to Goods & Services**

**A.** There are elements and spaces which are not maintained in operable working condition and readily accessible or usable for persons with disabilities. [ADA Stds. Sec.36.211].

11. The discriminatory violations described in paragraph 10 are not an exclusive list of the Defendant's ADA and FAC violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and FAC and all of the barriers to access. The

Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA and FAC violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA and FAC as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act and FAC .

12. Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and

litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA and FAC.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter PALM TRAILS PLAZA to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and FAC.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA and FAC; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
954-478-7811
fx 954-237-1990
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262

By: ______________________
Thomas B. Bacon, Esq.

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS**

OWEN HARTY

**(b)** County of Residence of First Listed Plaintiff BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

THOMAS B. BACON, P.A. 4868 SW 103RD AVE., COOPER CITY,FL 33328 954 478-7811

**DEFENDANTS**

SRA/PALM TRAILS PLAZA, LLC

County of Residence of First Listed Defendant BROWARD
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

09 CV 61412 - Lenard / Turnoff

(d) Check County Where Action Arose: ❒ MIAMI-DADE ❒ MONROE ✓ BROWARD ❒ PALM BEACH ❒ MARTIN ❒ ST. LUCIE ❒ INDIAN RIVER ❒ OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

❒ 1 U.S. Government Plaintiff
✓ 3 Federal Question (U.S. Government Not a Party)
❒ 2 U.S. Government Defendant
❒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❒ 1 | ❒ 1 | Incorporated *or* Principal Place of Business In This State | ❒ 4 | ❒ 4 |
| Citizen of Another State | ❒ 2 | ❒ 2 | Incorporated *and* Principal Place of Business In Another State | ❒ 5 | ❒ 5 |
| Citizen or Subject of a Foreign Country | ❒ 3 | ❒ 3 | Foreign Nation | ❒ 6 | ❒ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
❒ 110 Insurance
❒ 120 Marine
❒ 130 Miller Act
❒ 140 Negotiable Instrument
❒ 150 Recovery of Overpayment & Enforcement of Judgment
❒ 151 Medicare Act
❒ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
❒ 153 Recovery of Overpayment of Veteran's Benefits
❒ 160 Stockholders' Suits
❒ 190 Other Contract
❒ 195 Contract Product Liability
❒ 196 Franchise

**REAL PROPERTY**
❒ 210 Land Condemnation
❒ 220 Foreclosure
❒ 230 Rent Lease & Ejectment
❒ 240 Torts to Land
❒ 245 Tort Product Liability
❒ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
❒ 310 Airplane
❒ 315 Airplane Product Liability
❒ 320 Assault, Libel & Slander
❒ 330 Federal Employers' Liability
❒ 340 Marine
❒ 345 Marine Product Liability
❒ 350 Motor Vehicle
❒ 355 Motor Vehicle Product Liability
❒ 360 Other Personal Injury

PERSONAL INJURY
❒ 362 Personal Injury - Med. Malpractice
❒ 365 Personal Injury - Product Liability
❒ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
❒ 370 Other Fraud
❒ 371 Truth in Lending
❒ 380 Other Personal Property Damage
❒ 385 Property Damage Product Liability

**CIVIL RIGHTS**
❒ 441 Voting
❒ 442 Employment
❒ 443 Housing/ Accommodations
❒ 444 Welfare
❒ 445 Amer. w/Disabilities - Employment
■ 446 Amer. w/Disabilities - Other
❒ 440 Other Civil Rights

**PRISONER PETITIONS**
❒ 510 Motions to Vacate Sentence
Habeas Corpus:
❒ 530 General
❒ 535 Death Penalty
❒ 540 Mandamus & Other
❒ 550 Civil Rights
❒ 555 Prison Condition

**FORFEITURE/PENALTY**
❒ 610 Agriculture
❒ 620 Other Food & Drug
❒ 625 Drug Related Seizure of Property 21 USC 881
❒ 630 Liquor Laws
❒ 640 R.R. & Truck
❒ 650 Airline Regs.
❒ 660 Occupational Safety/Health
❒ 690 Other

**LABOR**
❒ 710 Fair Labor Standards Act
❒ 720 Labor/Mgmt. Relations
❒ 730 Labor/Mgmt.Reporting & Disclosure Act
❒ 740 Railway Labor Act
❒ 790 Other Labor Litigation
❒ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
❒ 462 Naturalization Application
❒ 463 Habeas Corpus-Alien Detainee
❒ 465 Other Immigration Actions

**BANKRUPTCY**
❒ 422 Appeal 28 USC 158
❒ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
❒ 820 Copyrights
❒ 830 Patent
❒ 840 Trademark

**SOCIAL SECURITY**
❒ 861 HIA (1395ff)
❒ 862 Black Lung (923)
❒ 863 DIWC/DIWW (405(g))
❒ 864 SSID Title XVI
❒ 865 RSI (405(g))

**FEDERAL TAX SUITS**
❒ 870 Taxes (U.S. Plaintiff or Defendant)
❒ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
❒ 400 State Reapportionment
❒ 410 Antitrust
❒ 430 Banks and Banking
❒ 450 Commerce
❒ 460 Deportation
❒ 470 Racketeer Influenced and Corrupt Organizations
❒ 480 Consumer Credit
❒ 490 Cable/Sat TV
❒ 810 Selective Service
❒ 850 Securities/Commodities/ Exchange
❒ 875 Customer Challenge 12 USC 3410
❒ 890 Other Statutory Actions
❒ 891 Agricultural Acts
❒ 892 Economic Stabilization Act
❒ 893 Environmental Matters
❒ 894 Energy Allocation Act
❒ 895 Freedom of Information Act
❒ 900 Appeal of Fee Determination Under Equal Access to Justice
❒ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

✓ 1 Original Proceeding ❒ 2 Removed from State Court ❒ 3 Re-filed- (see VI below) ❒ 4 Reinstated or Reopened ❒ 5 Transferred from another district (specify) ❒ 6 Multidistrict Litigation ❒ 7 Appeal to District Judge from Magistrate Judgment

**VI. RELATED/RE-FILED CASE(S).** (See instructions second page):

a) Re-filed Case ❒ YES ☑ NO b) Related Cases ❒ YES ☑ NO

JUDGE DOCKET NUMBER

**VII. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity)**:

INJUNCTIVE RELIEF 42 USC SECTION 12181

LENGTH OF TRIAL via ______ days estimated (for both sides to try entire case)

**VIII. REQUESTED IN COMPLAINT:** ❒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 0.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ❒ Yes ☑ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

SIGNATURE OF ATTORNEY OF RECORD [signature]

DATE 8/28/09

**FOR OFFICE USE ONLY**

AMOUNT 350.00 RECEIPT # 547366 IFP