UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-CV-61412-LENARD/Turnoff

OWEN HARTY, individually,

    Plaintiff,

v.

SRA/PALM TRAILS PLAZA, LLC,
a Foreign Limited Liability Company,

    Defendant.
_____/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Complete Inspection. **[DE 24]**. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 27]**. The Court has considered the motion, the response **[DE 25]**, the reply **[DE 26]**, the record, the applicable law and rules, and is otherwise duly advised in the premises.

Plaintiff, a disabled individual, sued Defendant, the owner of a shopping plaza, pursuant to the Americans With Disabilities Act ("ADA"), for declaratory judgment and injunctive relief, as well as attorney's fees and costs. Plaintiff alleges that he encountered architectural barriers in the subject property that discriminate against him and prevent him from returning to the property to enjoy the goods and services available to the public. Plaintiff's Complaint enumerated eight (8) specific barriers to access, which list, he indicated, was non-exclusive.

CASE NO. 09-CV-61412-LENARD/Turnoff

Plaintiff alleges that, during an inspection of the property on January 29, 2010, Defendant did not allow access to certain sections of the shopping center. Specifically, Plaintiff seeks access to the tenant spaces located in Wok N Roll, Sal's Restaurant and Pizzeria, The UPS Store, Deerfield Nails, AAA Dry Cleaners, Ace Underwriting Group, as well as two vacant tenant spaces. Toward this end, Plaintiff moves to conduct a wholesale audit and inspection of Defendant's property to survey all barriers, even if they were not listed on the Complaint or if they were not encountered by Plaintiff upon his visit to Defendant's premises as described in his Complaint. Defendant does not oppose the request for a second inspection but argues that it should be limited to the barriers to access enumerated in Plaintiff's Complaint.

Plaintiff argues that he is entitled to have remedied all ADA violations at the subject property which impact his disability, not just the specific violations alleged in his Complaint. Defendant argues that this Court and the Eleventh Circuit have rejected this argument, holding that ADA plaintiffs do not have standing to complain about alleged barriers of which they are unaware at the time they file their complaints.

The authority Plaintiff cites in support of his argument is mainly from other districts and circuits. Although there are at least two cases from this district which tend to agree with Plaintiff's argument, most courts in this district and in the Eleventh Circuit require a claim of actual knowledge of particular barriers to confer standing to challenge them. As this Court noted in <u>Fox v. Morris Jupiter Associates</u>:

> Some courts have held that a plaintiff need not encounter all barriers nor have knowledge of all barriers to obtain relief. In other words, a plaintiff may have only

CASE NO. 09-CV-61412-LENARD/Turnoff

> encountered one barrier, ... but the injunction would apply to all barriers in existence for people with the plaintiff's particular disability. Courts in the Eleventh Circuit have been more cautious, requiring a showing of plaintiff's actual knowledge of particular barriers in order for the plaintiff to have standing to challenge those barriers. (Internal citations omitted).

05-CIV-80689, 2007 WL 2819522, *6, FN. 5 (S.D. Fla. 2007).  Thus, to the extent that Plaintiff alleges entitlement to a Rule 34 inspection to determine whether there are mobility-related barriers on Defendant's property, other than those specified in his Complaint, the argument is unpersuasive. Macort v. Goodwill Industries-Manasota, Inc., 220 F.R.D. 377, 379 (M.D. Fla. 2003) (citing Resnick v. Magical Cruise Company, Ltd., 148 F.Supp.2d 1298 (M.D. Fla. 2001)).

Defendant asserts that it has eliminated all of the specific barriers, to the extent that they existed, alleged in Plaintiff's Complaint.  Thus, Defendant argues that Plaintiff's claims are moot.  If Plaintiff wishes to verify the remediation of the barriers, he may conduct a Rule 34 inspection.  However, such inspection shall be limited to the specific barriers to access Plaintiff alleged in his Complaint.  In this regard, the Motion to Compel is **GRANTED-IN-PART**.

Likewise, Defendant argues that any ADA claims Plaintiff may have had related to the now-vacant tenant space are moot.  Since these vacant spaces are not open for business, they are not places of public accommodation at this time.  Plaintiff argues that Defendant cannot meet its high burden of demonstrating that there is no reasonable possibility that it will not return to its discriminatory behavior once the spaces are leased.  The undersigned is not persuaded by this argument.  Plaintiff does not cite any binding precedent to support his request, except the United States Supreme Court case Friends of the Earth, Inc., v. Laidlaw Envtl. Serv., Inc., 528 U.S. 167, 189

CASE NO. 09-CV-61412-LENARD/Turnoff

(2000). In Friends of the Earth, the Supreme Court held that closing a polluting factory did not render moot the plaintiff's claim for injunctive relief because the defendant could resume operations at any time. Along these lines, Plaintiff argues that, because Defendant is actively seeking new tenants to fill the vacancies and expects to some day reopen them to the public, his ADA claims as to those spaces are not moot. However, as Defendant correctly argues and Plaintiff fails to address in his Reply, Friends of the Earth is distinguishable from the present case because it involved an action brought under the Clean Water Act. As Friends of the Earth was unrelated to the ADA, it did not address the "public accommodation" issue present in the instant case. Accordingly, Plaintiff's request to inspect vacant tenant spaces is **DENIED**.

The undersigned notes that a review of Plaintiff's filings demonstrates that section two of Plaintiff's memorandum of law in support of the instant Motion addresses Plaintiff's belief that businesses wait to be sued to come into compliance with ADA regulations. The section is immaterial to the issues referred herein and does not present legal argument for the Court's review. In support of this argument, Plaintiff filed the affidavit of William Norkunas. **[DE 24]** at Exh. D. In a footnote in its response, Defendant requests that the Court strike from the record the Norkunas affidavit. **[DE 25]** at FN 28.

Pursuant to Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading...any redundant, immaterial, impertinent, or scandalous matter." A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Story v. Sunshine Foliage World, Inc., 120 F.Supp.2d 1027,

CASE NO. 09-CV-61412-LENARD/Turnoff

1030 (M.D. Fla. 2000) (internal citations omitted). Upon review of the Norkunas affidavit, the undersigned finds that it is irrelevant to the instant matter. Therefore, finding good cause, the Court grants Defendant's request to strike the Affidavit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that the above-referenced Motion **[DE 24]** is **Granted-in-part and Denied-in-part**, and Defendant's request to strike the Norkunas Affidavit is **Granted**.

**DONE AND ORDERED** in chambers in Miami, Florida, this 21st day of April 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    All counsel of record