UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OWEN HARTY, Individually,

    Plaintiff,                                        CASE NO. 0:09-cv-61412-JAL

v.

SRA /PALM TRAILS PLAZA, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## PLAINTIFF'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Plaintiff, Owen Harty, by and thorough undersigned counsel and pursuant to Local Rule 7.5C, hereby files the instant Statement Of Material Facts Not In Dispute.

1. Owen Harty is paralyzed from the waist down and must use a wheelchair to ambulate. Mr. Harty is a disabled person within the meaning of the Americans With Disabilities Act, 42 U.S.C. Section 12181, et seq. ("ADA").  Harty Affidavit, para. 2, Exhibit A.

2. Prior to the commencement of this action, and several times afterward, Owen Harty visited the place of public accommodation known as PALM TRAILS PLAZA, 1101 South Military Trail, Deerfield Beach, Florida, located a few minutes from his home.   Harty Affidavit, para. 3, 4.   On these several occasions, Mr. Harty encountered barriers to access which discriminated against him on the basis of his disability.  Harty Affidavit, para. 4.

3. Defendant is the owner of the subject plaza.

4. The Palm Trails Plaza was built in the year 2000.  Deposition Transcript of Joanne Golden, Exhibit B, p.5.

5. Defendant purchased the subject property in the year 2006. Golden Depo. P. 5.

6. Prior to purchasing the property, Defendant inspected the property, performed an engineering study with respect to the physical components of the property. Golden Depo.. pp. 6-7. Ms. Golden did not remember whether ADA considerations were part of the inspection. Id.

8. In 2006, Defendant was presented with a complaint by a third party, threatening to file a lawsuit pursuant to Title III of the Americans With Disabilities Act with respect to ADA violations present at the plaza. Golden Depo. pp. 9. See also Memo from Amanda Thomas, Property Manager, to All Tenants, Dec. 5, 2006, Exhibit D. According to Ms. Golden, the lawsuit was never filed and Defendant did nothing to bring the plaza into compliance with the ADA. Golden Depo. p 10-11.

9. Prior to the filing of the instant lawsuit, the plaza had many violations consisting of the types of fixtures and items frequently moved and which are normally the subject of remodeling, renovations, and maintenance. These consist of trash cans in the Winn Dixie and Sal's restrooms which block disabled access to doors and grab bars; toilet seat covers out of reach; toilet paper dispensers blocking access to grab bars; sinks that are too low or have supports completely frustrating disabled use. Harty Affid. Para. 4; Baez Affid. Para. 3.

10. According to Defendant's manager, Joanne Golden, responsibility for ADA compliance is delegated to the tenants. Golden Depo. pp. 20-21.

11. Plaintiff filed the instant lawsuit on September 2, 2009. It was finally in response to the filing of this lawsuit that Defendant retained an ADA expert to perform a survey of the premises to ascertain its compliance with the ADA. Golden Depo.. pp. 12-13.

12. In response to this lawsuit, Defendant implemented several fixes to attempt to address the violations described in the Complaint. Golden Depo.. p. 15.

13. Palm Trails Plaza is in the shape of an "L" with one side facing North (10th St.) and the other side facing East, or Military Trail. Harty Affid. para. 5; Baez Affid. para. 6.Prior to the filing of this lawsuit, there was a designated accessible parking space centrally located at the location where the building makes its angle. Harty Affid. para. 5; Baez Affid. para. 6.. However, this parking space was served by a badly non-compliant curb cut. Plaintiff found it difficult to wheel his chair up this element because the ramp was too steep. Harty Affid. para. 5. Pictures taken of the designated parking space and curb cut, before this lawsuit was filed, are depicted in Composite Exhibit C-1. See also Affidavit of Pablo Baez, para. 6. In the initial pre-suit investigation, this curb cut was shown to be too steep. The ADAAG requires that curb cuts be no steeper than 8%. 28 C.F.R. Part 4.7.2, 4.8.2. This curb ramp, by contrast, ranges from 11% to 23%. Baez Affid. para.. 6.

14. In response to this lawsuit, Defendant did not fix the non-compliant curb cut. Golden Depo. p. 16-17. Rather, Defendant blacked out the handicap symbol formerly painted on the space. Defendant replaced the parking sign with another, which contains an arrow pointing westward. The access aisle remains unchanged. Moreover, there is no sign posted above the bad ramp warning disabled patrons from approaching the ramp from above. Harty Affid., para. 7; Baez Affid., para. 7.

15. To replace this removed space, Defendant installed two new designated accessible parking spaces at the far west end of the plaza, across the parking lot from the entrances. Harty

Affid., para. 8; Baez Affid., para. 7-8.

16. In response to this lawsuit, Defendant inquired through discovery as to the specific ADA violations complained of by Plaintiff. Defendant endeavored to fix those specified problems. Because Plaintiff did not specifically identify problems with the public restroom located at the UPS Store, this was one area in which Defendant did nothing. Moreover, Defendant barred Plaintiff's expert from inspecting this portion of the premises during the Rule 34 inspection. Subsequent to the filing of this lawsuit, Plaintiff visited the restroom at the UPS Store. Plaintiff took pictures showing the substantially non-compliant conditions at this location. The toilet has non-compliant grab bars. Moreover, the area is used for storage of buckets and ladders, which substantially impair any use by disabled patrons. Harty Affid., para. 9; Baez Affid., para. 4-5. Report of Herb Neff & Associates, Exhibit C-2.

17. Prior to the commencement of this lawsuit, Harty noticed that there were no accessible routes to the plaza from the public sidewalks on either street, namely Military Trail or 10th St. In response to this suit, Defendant hastily installed a concrete route at the far Northwest end to the public sidewalk along 10th Ave. Harty Affid., para. 6; Baez Affid. Para. 10. Defendant's manager admitted that this measure was implemented in response to the instant lawsuit. Golden Depo. p. 16.

18. However, there is no accessible route from Military Trail to the entrances of the plaza. Although there is a bus stop on Military Trail, wheelchair patrons are required to travel many hundreds of feet to the far northwest end of the plaza before they find an accessible route to the facility. Although a pathway exists from the sidewalk along Military Trail toward the plaza, this

is not a compliant accessible route for two reasons. First, this pathway has a substantial slope and handrails are required. Second, this pathway is on Defendant's property because it crosses a landscaped swale owned by Defendant. However, it does not lead to Defendant's property. Rather, it ends in the parking lot owned by the neighboring Bank. This is a separate property with a separate owner. Moreover, any disabled patron endeavoring to travel from this area to Defendant's plaza must travel through a roadway with heavy vehicular traffic. Baez Affid., paras. 10-13.

Respectfully submitted,

Attorney for Plaintiffs:

  /s/ Thomas B. Bacon
Thomas B. Bacon, Esq.
Thomas B. Bacon, P.A.
4868 S.W. 103rd Ave.
Cooper City, FL 33328
ph. (954) 925-6488
fax (954) 237-1990
tbb@thomasbaconlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all parties of record this 10th day of May, 2010.

  /s/ Thomas B. Bacon