UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

OWEN HARTY, Individually,

    Plaintiff,                                                             CASE NO. 0:09-cv-61412-JAL

v.

SRA /PALM TRAILS PLAZA, LLC,
A Foreign Limited Liability Company,

    Defendant.
_____/

## AFFIDAVIT OF OWEN HARTY

I, Owen Harty, Plaintiff in the above-captioned action, state under oath as follows:

1. I am competent to testify at trial in this action.

2. I am paralyzed from the waist and require a wheelchair to ambulate.

3. I am a resident of Tamarac Florida. Prior to the filing of this lawsuit, I visited the plaza known as PALM TRAILS PLAZA, 1101 South Military Trail, Deerfield Beach, Florida, located a few minutes away from my home. Moreover, I would like to visit the property in the future, but for the conditions at the property which violate the Americans With Disabilities Act. I realize that it would be a futile gesture to visit the property in its present condition unless I am willing to suffer discrimination on the basis of my disability. I am aware that I presently am being deprived the opportunity to visit the property free of discrimination.

4. I visited the property several times prior to the filing of this lawsuit. During that period, I visited the Quiznos, UPS store and Winn Dixie. I encountered and/or observed inaccessible restrooms in the Quiznos and Winn Dixie. I encountered a bad curb cut in the middle of the plaza by the UPS. I observed that there was no route from the public sidewalks or bus stops on either Military Trail or 10th St. At the Winn Dixie, for example my ability to exit the mens restroom was impeded by a garbage can placed by the door. In the stall, my ability to use the grab bar was impeded by a trash can placed in the space I needed to maneuver my wheelchair. These are shown by the pictures taken by our expert in his initial investigation and

1

attached as an exhibit.

5. Palm Trail Plaza is in the shape of an "L". It has two wings of roughly equal length at a right angle. The north side faces 10th Ave and the east side faces Military Trail. As of the time I filed this lawsuit, there was a designated accessible parking space directly in front of the UPS Store. This parking space was optimal because it was centrally located to the entrances of the plaza and adjacent to the plaza sidewalk. However, the curb cut that served this parking space was very steep and made it difficult to climb up in my wheelchair. I found it dangerous to descend in my wheelchair because its steepness could cause me to lose control and roll into traffic.

6. Since this lawsuit was filed, I have returned several times to the plaza. I noticed in December 2009 that the plaza had made several changes. I noticed that they installed a concrete path leading from the North end of the plaza to the sidewalk on 10th St. At the time, namely December, I noticed that the concrete for this path was still drying.

7. I also noticed that the Plaza blacked out the handicap symbol on the parking space in front of the UPS Store. The access aisle remains without change. The dangerous curb cut also remains unchanged. Moreover, the sign that formerly indicated that the space was a designated accessible spot now has an arrow, pointing elsewhere. This is confusing, and there is no sign from above. Therefore, there is no indication from above the curb cut that the curb cut should not be used or is dangerous to wheelchair users.

8. Instead of there being a designated accessible parking space at the cental corner of the plaza, the space has been moved to the far Northwest end, across the parking lot.

9. I noticed that the Defendant has made some changes, but only those that I identified in this lawsuit and my responses to discovery requests. In my most recent visit, I personally took pictures. The UPS Store has a public restroom. This room remains completely inaccessible. The restroom and pathway is used for storage of various items. I gave these pictures to my expert and he put them into his Rule 34 inspection report. As the pictures show, there are ladders stored by the door so that I cannot use the door properly. Inside the restroom, the grab bar is too small and buckets are stored such that the toilet is completely inaccessible.

Pursuant to 28 U.S.C. Section 1746, I declare, certify, verify, and state, under penalty of perjury that the foregoing is true and correct. Executed on April 30, 2010.

_____
OWEN HARTY