# Exhibit A

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-61412-LENARD/TURNOFF

OWEN HARTY, individually,

    Plaintiff,

v.

SRA/PALM TRAILS PLAZA, LLC, a foreign
Limited Liability Company,

    Defendant.

_____/

## STIPULATION FOR SETTLEMENT

IT IS HEREBY stipulated and agreed to by and between Plaintiff, Owen Harty, ("Plaintiff"), and Defendant, SRA/Palm Trails Plaza, LLC ("Defendant"), on the date last executed below as follows:

## RECITALS

WHEREAS, Plaintiff filed this action against Defendant, alleging violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 (the "Act" or the "ADA") and the Florida Accessibility Code ("FAC"). Plaintiff is seeking injunctive relief, declarations of rights with respect to real property owned by Defendant located at 1101 South Military Trail, Deerfield Beach, Florida (the "Property"), and attorneys' fees, expenses, and costs;

WHEREAS, Plaintiff and Defendant have agreed to a settlement of this Action and acknowledge that resolution thereof serves both Parties' interests in that they desire to avoid further expense, time, effort, and uncertainty in regard to the Action;

WHEREAS, Plaintiff asserted that discrimination had occurred at the Property under the ADA and the FAC claiming he encountered certain barriers at the Property;

WHEREAS, Defendant denies that there has been any discrimination; denies that such barriers existed; and denies any violations of the ADA and FAC. While Defendant denies that there existed any violations of the ADA or FAC Defendant has made certain modifications to the Property in order to better facilitate access;

WHEREAS, the Parties agree that modifications made to the Property by Defendant are completed and the Property is in full compliance with the ADA and FAC;

WHEREAS, the Parties agree that the Winn-Dixie men's restroom at the Property is in full compliance with the ADA, including, but not limited to, compliance with ADA Accessibility Guidelines ("ADAAG") sections 4.19.2, 4.19.4, 4.23.7, Figure 30 and Figure 31, as the placement of all fixtures inside the restroom complies with those provisions of the ADAAG;

WHEREAS, the Parties agree that the curb ramp located in the northwest corner of the Property is ADA compliant and complies with the requirements of ADAAG sections 4.7.2 and 4.8.2;

WHEREAS, the Parties agree that the curb ramp in front of the UPS Store at the Property is not intended to be, nor is it required to be, ADA or ADAAG compliant;

WHEREAS, the Parties agree that the signage at the curb ramp in front of the UPS Store, with the International Symbol of Accessibility ("ISA") and westward pointing arrow, complies with and is required by the ADA and ADAAG section 4.1.2(7)(c);

WHEREAS, the Parties agree that only one accessible route is required from the public sidewalk that surrounds the Property (which is continuous and flows uninterrupted from Military Trail to S.W. 10th Street) directly into the Property, that the path from the public sidewalk on

S.W. 10th Street directly into the Property is an accessible route, as defined by ADAAG section 3.5, and that this path complies with the ADA and ADAAG sections 4.1.2(1), 4.7.2 and 4.8.2;

WHEREAS, the Parties agree that Defendant is not responsible for ADA or ADAAG compliance as it relates to a path leading from Military Trail into an outparcel bank adjacent to the Property, as the majority of that path is not owned, leased or otherwise controlled by Defendant and the small portion of the path that is owned by Defendant complies with the ADA and ADAAG sections 4.7.2 and 4.8.2;

WHEREAS, the Parties agree that the restroom located inside the UPS Store at the Property is not a public restroom and is, therefore, not required to comply with the ADA or the ADAAG;

WHEREAS, the Parties agree that the Sal's Italian Restaurant & Pizzeria men's restroom at the Property is in full compliance with the ADA, including, but not limited to, compliance with ADAAG sections 4.19.2, 4.19.4, 4.23.7, Figure 30 and Figure 31, as the placement of all fixtures inside the restroom complies with those provisions of the ADAAG;

WHEREAS, the Parties agree that the number of disabled parking spaces at the Property complies with the ADA and ADAAG section 4.5.2(5)(a);

WHEREAS, the Parties agree that the disabled parking spaces at the Property are distributed evenly throughout the Property as required by the ADA and ADAAG section 4.6.2;

WHEREAS, the Parties agree that the location of two disabled parking spaces in the northwest corner of the Property does not violate any provision of the ADA or ADAAG and the disabled parking spaces are on the shortest accessible route of travel to an accessible entrance, namely the access ramp located on the northwest corner of the Property, as required by ADAAG section 4.6.2;

WHEREAS, the Parties agree that the unique characteristics of the Property's terrain make it structurally impracticable for the two disabled parking spaces in the northwest corner of the Property to be located adjacent to the building on the Property because of inconsistent requirements and standards for the finish floor of the building (set by the Deerfield Beach Development Regulations and Federal Emergency Management Agency) and the required slope and elevation of the exterior parking area of the Property (set by the South Florida Water Management District and Broward County Department of Planning & Environmental Protection); and

WHEREAS, the Plaintiff is unaware of any current violations of the ADA, ADAAG or FAC at the Property and Plaintiff has not encountered any violations of the ADA, ADAAG or FAC at the Property, to the extent that they ever existed, other than those that have been remedied.

NOW, THEREFORE, in consideration of the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following terms and conditions as full and complete settlement of the Action:

## SETTLEMENT TERMS AND CONDITIONS

1. Upon execution of this Stipulation for Settlement ("Stipulation"), Plaintiff shall file with the United States District Court for the Southern District of Florida, a Joint Motion to Approve Stipulation for Settlement, incorporating this Stipulation, signed by counsel for all parties to this action and seeking dismissal with prejudice of Plaintiff's lawsuit against the Defendant with each party to bear its own costs and attorney fees, pursuant to Rule 41(a)(2), Fed. R. Civ. P.

2. Upon entry of the Court Order approving the Stipulation, Plaintiff and Defendant, hereby release and discharge the other, its/their officers, employees, agents, successors, assigns, affiliates, subsidiaries, directors, and attorneys from any and all claims and causes of action which they, or either of them, has had, or may claim to have had, arising under the Americans with Disabilities Act, Florida Accessibility Code or otherwise related claims which were or could have been brought in the Complaint or in a compulsory counterclaim in this Action related to the Property, up to this date.

3. This Stipulation is the result of a compromise between Plaintiff and Defendant and shall never, at any time or for any purpose, be considered an admission of liability and/or responsibility by Defendant or that the Property has, at any time or in any way, violated the ADA or FAC.

4. In the event that Plaintiff or Defendant seeks enforcement of this Stipulation or any provision of it in Federal District Court, or if either party fails to comply with this Stipulation, the Parties agree and hereby stipulate that the United States District Court for the Southern District of Florida has personal and subject matter jurisdiction over this Stipulation, the matters set forth in it, and the parties to it. In any action to enforce this Stipulation the prevailing party shall be entitled to reasonable attorneys' fees, costs, and expert's fees.

5. This Stipulation constitutes the entire agreement between the Parties on the matters raised herein, and no other statement, promise, or agreement, either written or oral, made by either party or agents or either party, that is not contained in this written Stipulation shall be enforceable. In the event a court of competent jurisdiction concludes that any part of this Stipulation is unenforceable, such portion shall be severed from this Stipulation and all other

portions shall remain enforceable. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successor and/or assigns.

6. This Stipulation shall be subject to and governed by Federal law and, where applicable, the laws of the State of Florida.

7. This Stipulation may be executed in one or more counterparts (including facsimile copies), each of which shall be deemed an original but all of which taken together will constitute one and the same instrument.

| | |
|---|---|
| **THOMAS B. BACON, P.A.**<br>Counsel for Plaintiff,<br>Owen Harty<br><br>*/s/ Thomas B. Bacon*<br><br>Thomas B. Bacon, Esq.<br>Florida Bar No. 139262<br>tbb@thomasbaconlaw.com<br>4868 S.W. 103rd Ave.<br>Cooper City, FL 33328<br>Telephone No.: (954) 478-7811<br>Facsimile No.: (954) 237-1990 | **REIMER & ROSENTHAL LLP**<br>Counsel for Defendant,<br>SRA/Palm Trails Plaza, LLC<br><br>*/s/ Alex P. Rosenthal*<br><br>Alex P. Rosenthal, Esq.<br>Florida Bar No. 815160<br>alex@rrcounsel.com<br>2115 N Commerce Pkwy.<br>Weston, FL 33326<br>Telephone No.: (954) 384-9200<br>Facsimile No.: (954) 384-0017 |